**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD BAYS, JR.**<br>565 Flora Lane,<br>York, PA 17403<br>*Plaintiff*,<br>**v.**<br><br>**TWENTY TWENTY LOGISTICS, INC.**<br>1102 North Ellis Street<br>Bensenville, IL 60106<br><br>*and*<br><br>**MUNKH TSENDSUREN**<br>1535 Yosemite Way<br>Hampshire, IL 60140<br><br>*Defendants.* | **No.**<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Donald Bays, Jr., through counsel, Morgan & Morgan Philadelphia, PLLC, hereby complains against the above-named Defendants, and in support thereof avers the following:

**PARTIES**

1. Plaintiff Donald Bays, Jr. is an adult individual residing at 565 Flora Lane, York, PA 17403.

2. Plaintiff is a citizen of Pennsylvania for jurisdictional purposes.

3. Defendant Munkh Tsendsuren is an adult individual residing at 1535 Yosemite Way, Hampshire, IL 60140.

4. Defendant Tsendsuren is a citizen of Illinois for jurisdictional purposes.

5. At all times relevant hereto, Defendant Tsendsuren was acting within the course and scope of his employment with Defendant Twenty Twenty Logistics, Inc. in the furtherance of

the business interests and objectives of Defendant TTL and/or USS and with the actual and/or implied authority of Defendant TTL and/or USS.

6. Defendant Twenty Twenty Logistics, Inc. ("TTL") is a corporation organized and existing under the laws of the state of Illinois with a registered address and/or principal place of business located at 1102 North Ellis Street, Bensenville, IL 60106.

7. Defendant TTL is a citizen of Illinois for jurisdictional purposes.

8. At all relevant times, Defendants were subject to and bound by the Federal Motor Carrier Safety Regulations ("FMCSRs"). *See* 49 C.F.R. §§ 300 – 399 (2025).

9. Defendant TTL has a Department of Transportation Number (3408964).

10. Defendant TTL, in order to obtain a DOT number and the operating authority granted therewith, was required to submit Form OP-1 to the Federal Motor Carrier Safety Administration.

11. This form contains a certification that that the company has access to and is familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that the company will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

12. Form OP-1, more specifically, contains a "Safety Certification," certifying, under penalty of perjury, to the FMCSA that, at a minimum, TTL:

a. Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

b. Can produce a copy of the FMCSRs;

c. Had and will have in place a driver safety training/orientation program;

d. Had and will have prepared and maintain an accident register;

e. Is familiar with DOT regulations governing driver qualifications and had and will have in place a system for overseeing driver qualification requirements;

f. Had and will have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g. Is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substance testing requirements; and

h. Must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating within the United States.

13. Under 49 C.F.R. § 390.3(e)(1), "[e]very employer shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations."

14. Under 49 C.F.R. § 390.3(e)(2), "[e]very driver and employee involved in motor carrier operations shall be instructed regarding, and shall comply with, all applicable regulations contained in [the FMCSRs.]"

15. Under 49 C.F.R. § 391.11(b)(3), a driver is not qualified if he cannot "by reason of experience, training, or both, safely operate the type of commercial motor vehicle he drives."

16. Defendant TTL had and continues to have a non-delegable responsibility to know and comply with the FMCSRs and to train its drivers and employees on any and all applicable regulations.

17. At all times material hereto, Defendant Tsendsuren was employed and/or contracted to perform services for and was operating his commercial vehicle for Defendant TTL and under the USDOT operating authority of Defendant TTL, and was subject to their supervision, control

or right to control, such that Defendant TTL should be considered his actual and statutory employer and therefore, vicariously liable for Defendant Tsendsuren's negligence and recklessness.

**JURISDICTION AND VENUE**

18. The amount in controversy herein exceeds the sum or value of $150,000.00, exclusive of interests and costs.

19. Accordingly, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

20. This matter arises out of a motor vehicle crash that occurred in York County, Pennsylvania, as set forth in further detail below.

21. Accordingly, venue is properly laid in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL BACKGROUND**

22. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

23. On May 22, 2024, at or around 9:30am, Plaintiff was on the on-ramp of I-83 northbound just past mile marker 21.3 in York County, PA.

24. At all times material hereto, Plaintiff was operating a white 2020 Ford F-250 bearing PA license plate number ZHL1230.

25. At the same time and place, Defendant Tsendsuren was operating a white 2015 Volvo tractor-trailer bearing IL license plate number P1110573 travelling behind Plaintiff on the on-ramp.

26. The gross vehicle weight rating of Defendants' vehicle was 80,000lbs.

27. Defendant Tsendsuren was traveling too fast for the conditions.

28. Defendant Tsendsuren was distracted and/or fatigued.

29. Upon information and belief, Defendant Tsendsuren was distracted by his use of a cellular device.

30. Defendant Tsendsuren's vehicle rear-ended Plaintiff at an excessive rate of speed under the circumstances of an on-ramp.

31. At all times material hereto, Defendant TTL had the capability to, and in fact did, collect telematics data and dash camera footage from a fleet management program(s), that pertained to specific vehicles and the company could attribute the data and footage to specific drivers, like Defendant Tsendsuren.

32. The telematics data includes, but is not limited to, idle time, heavy breaking events, speed, location, and distance travelled.

33. From the fleet management program(s) employed by Defendant TTL, Defendant TTL was on notice, actually or constructively, of any concerning driving behaviors of its commercial drivers, including Defendant Tsendsuren, which include, but are not limited to, accidents, speeding incidents, and hard breaking incidents.

34. Defendant Tsendsuren was distracted and/or fatigued.

35. As a result of Defendants' negligence and recklessness, the force of the impact caused Plaintiff to sustain serious and permanent injuries.

36. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**DONALD BAYS, JR. v. DEFENDANT MUNKH TSENDSUREN**

37. The preceding paragraphs are incorporated herein by reference as though fully set forth.

38. The negligence, carelessness and/or recklessness of Defendant Tsendsuren, individually and as the agent, servant, worker and/or employee of Defendant TTL, consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his tractor-trailer so as to avoid crashing into the rear of Plaintiff's vehicle;

b. Failing to pay proper attention while operating his tractor-trailer;

c. Failing to take proper precautions in the operation of his tractor-trailer so as to avoid the collision that occurred;

d. Operating his tractor-trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

e. Following to closely and violation of 75 Pa. Cons. Stat. § 3310A

f. Failing to have his tractor-trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

g. Failing to remain alert;

h. Traveling at an excessive rate of speed under the circumstances in violation of 49 C.F.R. § 392.2 and 75 Pa. Cons. Stat. § 3361.

i. Failing to operate his tractor-trailer in accordance with the Federal Motor Carrier Safety Regulations;

j. Failing to make necessary and reasonable observations while operating his tractor-trailer;

k. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff's vehicle;

l. Failing to timely and properly apply his brakes;

m. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant TTL;

n. Failing to apprise himself of and/or abide by the FMCSRs;

o. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p. Failing to properly inspect his tractor-trailer in violation of the FMCSRs;

q. Violations of 49 C.F.R.§ 395 pertaining to hours of service;

r. Striking Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSRs;

s. Driving a commercial vehicle while distracted;

t. Driving a commercial vehicle while distracted by the use of a cellular device;

u. Consciously choosing to operate a commercial vehicle at an excessive speed for the traffic conditions then existing;

v. Consciously choosing to use a cellular device while driving and subjecting himself to driving while distracted despite the obvious risks presented to the motoring public by driving an 80,000lb tractor-trailer in a distracted state;

w. Consciously choosing to drive distracted while in a fatigued state knowing the increased risk of harm presented by combining these two dangerous behaviors;

x. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

y. Consciously choosing to continue driving despite realizing he was physically exhausted and about to fall asleep;

z. Consciously choosing to drive at a high rate of speed for the traffic conditions then existing while fatigued despite knowing that he was creating an increased risk of crashing his tractor trailer;

aa. Consciously choosing to operate a tractor-trailer while knowing he was not a qualified driver under the FMCSRs

bb. Acting with a conscious disregard for the rights and safety of the Plaintiff.

39. As a direct and proximate cause of the negligence and/or recklessness of the Defendants, the Plaintiff suffered serious and permanent injuries.

40. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

41. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

42. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

43. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

44. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

45. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

46. As a result of the aforesaid injuries, the Plaintiff sustained a loss of wages and impairment of his earning capacity / potential.

**WHEREFORE**, Plaintiff, Donald Bays, Jr., hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Tsendsuren, in an amount in excess of $150,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**DONALD BAYS, JR. v. DEFENDANT TTL, as being vicariously liable for MUNKH TSENDSUREN**

47. The preceding paragraphs are incorporated herein by reference as though fully set forth herein.

48. The negligence, carelessness, and/or recklessness of Defendant TTL, as being vicariously liable for the actions of Defendant Tsendsuren, consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his tractor-trailer so as to avoid crashing into the rear of Plaintiff's vehicle;

b. Failing to pay proper attention while operating his tractor-trailer;

c. Failing to take proper precautions in the operation of his tractor-trailer so as to avoid the collision that occurred;

d. Operating his tractor-trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

e. Following to closely and violation of 75 Pa. Cons. Stat. § 3310A

f. Failing to have his tractor-trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

g. Failing to remain alert;

h. Traveling at an excessive rate of speed under the circumstances in violation of 49 C.F.R. § 392.2 and 75 Pa. Cons. Stat. § 3361.

i. Failing to operate his tractor-trailer in accordance with the Federal Motor Carrier Safety Regulations;

j. Failing to make necessary and reasonable observations while operating his tractor-trailer;

k. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff's vehicle;

l. Failing to timely and properly apply his brakes;

m. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant TTL;

n. Failing to apprise himself of and/or abide by the FMCSRs;

o. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p. Failing to properly inspect his tractor-trailer in violation of the FMCSRs;

q. Violations of 49 C.F.R.§ 395 pertaining to hours of service;

r. Striking Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSRs;

s. Driving a commercial vehicle while distracted;

t. Driving a commercial vehicle while distracted by the use of a cellular device;

u. Consciously choosing to operate a commercial vehicle at an excessive speed for the traffic conditions then existing;

v. Consciously choosing to use a cellular device while driving and subjecting himself to driving while distracted despite the obvious risks presented to the motoring public by driving an 80,000lb tractor-trailer in a distracted state;

w. Consciously choosing to drive distracted while in a fatigued state knowing the increased risk of harm presented by combining these two dangerous behaviors;

x. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

y. Consciously choosing to continue driving despite realizing he was physically exhausted and about to fall asleep;

z. Consciously choosing to drive at a high rate of speed for the traffic conditions then existing while fatigued despite knowing that he was creating an increased risk of crashing his tractor trailer;

aa. Consciously choosing to operate a tractor-trailer while knowing he was not a qualified driver under the FMCSRs

bb. Acting with a conscious disregard for the rights and safety of the Plaintiff.

49. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Donald Bays, Jr., hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendant TTL,

as being vicariously liable for Defendant Tsendsuren, in an amount in excess of $150,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT III**
**DIRECT NEGLIGENCE/ RECKLESSNESS**
**DONALD BAYS, JR. V. DEFENDANT TWENTY TWENTY LOGISTICS, INC.**

50. The preceding paragraphs are incorporated herein by reference as though fully set forth herein

51. Defendant TTL an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

52. The Plaintiff was injured as a result of an incident related to Defendant Tsendsuren's driving, more specifically, Defendant's unsafe driving.

53. The negligence, carelessness and/or recklessness of Defendant TTL, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Tsendsuren, consisted of, but is not limited to the following:

a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Tsendsuren;
b. Hiring and/or continuing to employ Defendant Tsendsuren despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;
c. Hiring and/or continuing to employ Defendant Tsendsuren despite the fact that he had a propensity for driving violations, regardless of whether Defendant Tsendsuren was cited by law enforcement for such violations;
d. Hiring and/or continuing to employ the Defendant despite the fact that that he had a propensity for speeding and/or driving too fast for the conditions of the road;
e. Hiring and/or continuing to employ Defendant Tsendsuren despite his previous driving record;
f. Failing to have an appropriate disciplinary policy within the company;

g. Permitting Defendant Tsendsuren to operate a CMV when it knew or should have known that he was not properly qualified and/or trained;

h. Allowing Defendant Tsendsuren to operate a tractor-trailer in its possession and/or control when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

i. Failing to adopt appropriate employee manuals and/or training procedures;

j. Failing to enforce both the written and unwritten policies of Defendant TTL;

k. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendant TTL;

l. Failing to implement and/or enforce an effective safety system;

m. Failing to monitor and/or regulate its drivers' actions regarding speeding violations;

n. Failing to monitor and/or regulate its drivers' actions regarding hours-of-service violations;

o. Failing to monitor and/or regulate its drivers' actions regarding distracted driving incidents;

p. Failing to monitor and/or regulate its drivers' actions regarding the improper use of cellular devices while driving

q. Failing to remedy known violations of trucking industry safety standards;

r. Knowingly placing an unqualified and/or untrained driver behind the wheel of an 80,000lb tractor-trailer capable of inflicting severe harm upon the motoring public; and

s. Acting with a conscious disregard for the rights and safety of Plaintiff

54. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Donald Bays, Jr., hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendant TTL, in an amount in excess of $150,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

**Morgan & Morgan Philadelphia, PLLC**

By: */s/ Matthew R. Magid, Esq.*
Matthew R. Magid, Esq. // ID No. 332292
2005 Market Street, Suite 350
Philadelphia, PA 19103
(445) 201-8559
(445) 201-8659 (FAX)
mmagid@forthepeople.com